[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10277

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANTHONY JEROME LANG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:18-cr-00110-VMC-CPT-1

_____

Before JORDAN, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Anthony Jerome Lang, a federal prisoner now represented by counsel, appeals the district court's denial of his *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018). The district court found that Mr. Lang had not shown that extraordinary and compelling circumstances warranted compassionate release. On appeal Mr. Lang argues only that the district court erred by failing to consider whether the 18 U.S.C. § 3553(a) sentencing factors weighed in favor of compassionate release.

Mr. Lang concedes that we held to the contrary in *United States v. Giron*, 15 F.4th 1343 (11th Cir. 2021), but he argues that that case was wrongly decided. The government responds by moving for summary affirmance and for a stay of the briefing schedule. It argues that under our binding precedent in *Giron*, the district court was not required to consider the § 3553(a) factors after properly finding that no extraordinary and compelling circumstances existed, and that summary affirmance is appropriate because Mr. Lang has abandoned his challenge to the latter finding on appeal.

Summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that

there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Here, as we explain, there is no substantial question as the proper outcome of the appeal.[1]

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B). In 2018, Congress enacted the First Step Act, which in part amended 18 U.S.C. § 3582(c)(1)(A) to increase the use and transparency of compassionate release of federal prisoners. *See* First Step Act § 603.

Insofar as compassionate release is concerned, the statute now provides as follows:

> [T]he court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

---

[1] We generally review a district court's denial of a prisoner's motion for modification of sentence under 18 U.S.C. § 3582(c)(1)(A) for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). An abuse of discretion occurs when a district court uses an incorrect legal standard, applies the law in an incorrect or unreasonable fashion, fails to follow proper procedures in making a determination, or makes clearly erroneous factual findings. *United States v. McLean*, 802 F.3d 1228, 1233 (11th Cir. 2015).

4                           Opinion of the Court                        21-10277

> defendant's facility, whichever is earlier, may reduce
> the term of imprisonment . . . *after considering the*
> *factors set forth in [18 U.S.C.] section 3553(a) to the*
> *extent that they are applicable*, if it finds that—*ex-*
> *traordinary and compelling reasons* warrant such a
> reduction.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).  Thus, a district court may reduce a term of imprisonment under § 3582(c)(1)(A) "if (1) the § 3553(a) sentencing factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quotation marks omitted) (citing § 3582(c)(1)(A) and U.S.S.G. § 1B1.13).

In *Giron*, which issued between Mr. Lang's appeal and the submission of his counseled brief, we clarified that if a district court properly finds that (i) no "extraordinary and compelling" circumstances exist, or (ii) the defendant is a danger to the public, analysis of the § 3553(a) factors is unnecessary. *See Giron*, 15 F.4th at 1347. There, the district court found that no "extraordinary and compelling" circumstances existed, and we affirmed.  We held that there was no error in failing to consider the § 3553(a) factors because a district court may consider the compassionate release requirements in any order, and the absence of any of the three forecloses a sentence reduction. *See id.* at 1348-50.

Summary affirmance is appropriate for two reasons. First, *Giron* makes clear that the district court did not err by failing to consider the § 3553(a) factors once it found that no extraordinary and compelling circumstances existed. Second, Mr. Lang, who argues only that the district court erred in failing to consider the § 3553(a) factors, has abandoned any argument in his counseled brief that the court erred in finding that no extraordinary and compelling circumstances existed. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). Because that was an independent basis for the district court's decision and Mr. Lang has now failed to address it, the government's position is clearly correct as a matter of law, and no substantial question remains as to the outcome of the case. *See Groendyke Transp., Inc.*, 406 F.2d at 116.[2]

Therefore, we GRANT the government's motion for summary affirmance and DENY as moot the motion to stay the briefing schedule.

---

[2] We note that Mr. Lang argued in his *pro se* initial brief, which he submitted before we appointed counsel to represent him and file another brief on his behalf, that the district court erred in finding that he had not shown extraordinary and compelling circumstances. Even if we consider the *pro se* brief, Mr. Lang's argument lacks merit. The district court correctly concluded that Mr. Lange had not shown medical conditions among those contemplated in U.S.S.G. § 1B1.13, and it was bound to that policy statement in determining whether to grant compassionate release. *See United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) (holding that district courts do not have discretion to consider reasons other than those in § 1B1.13), *cert. denied*, 142 S. Ct. 583 (2021).